DA 10-0330

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 271N

TODD PETERSON AND HAROLD PETERSON,

        Plaintiffs and Appellees,

    v.

RANDY ROODS, and all other persons who may
or are claiming any interest in the real property that
is the subject of this lawsuit, and parties "A" through "D",

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 06-444
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

        For Appellees:

            Kenneth D. Peterson, Attorney at Law, Billings, Montana

Submitted on Briefs: December 1, 2010

Decided: December 21, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant Randy Roods (Roods), and all other persons who may or are claiming any interest in the real property that is the subject of this lawsuit, and parties A through D, appeal the District Court's order quieting title to a road crossing the property of Appellees Todd Peterson and Harold Peterson (Petersons). We affirm.

¶3      Petersons purchased real property in fee simple within the boundaries of the Crow Indian Reservation in Yellowstone County, Montana. A truck trail existed across Petersons' property at the time of their purchase. Petersons commenced fencing and cross fencing the property as part of making it a working farm and ranch. These cross fences included gates where the truck trail crossed their property. Petersons knew that some of their neighbors farmed further up the truck trail from their property and thus constructed the gates to allow the neighbors, with permission, to access their farming property by the most direct route through the Petersons' property. The Petersons eventually locked the gates on the truck trail and offered keys to those who needed them or allowed those neighbors to use their own locks.

2

¶4     Petersons claim to have granted Roods permission to cross the property. A dispute arose between Roods and Petersons around 2001 and continued through 2004. The dispute reached a head in 2005 or 2006 when Roods used a road grader to build up a new roadway and make ditches into Petersons' fields and pastures.

¶5     Petersons filed an action to quiet title to the road. Roods filed a motion to dismiss for lack of jurisdiction on the grounds that tribal jurisdiction preempted state jurisdiction in this case. The District Court denied Roods's motion to dismiss on the grounds that the dispute involved fee land owned by non-tribal members. Roods joined the Department of Interior as a party and removed the case to the federal court. The Department of Interior produced a witness for deposition in the federal court proceeding.

¶6     Roods agreed to dismiss the Department of Interior from the case in return for the witness's testimony. The federal court remanded the case back to state court where it proceeded to trial. The District Court determined that the roadway had been used by families from early times to access the outside world. The court noted, however, that the need to use the road for access to the outside world ceased when the Bureau of Indian Affairs completed a road from Pryor to St. Xavier in about 1980.

¶7     The District Court denied Roods's claim for a prescriptive easement. The court found that Roods had failed to prove that his use of the road had been established by open, notorious, continuous, uninterrupted, exclusive, and adverse use for five years before the filing of Petersons' quiet title action in 2006. The court pointed to the fact that Petersons had no knowledge of Roods's claimed right until they allegedly tried to give keys to Roods

3

around 2001 or early 2002. The court rejected Roods's attempt to rely upon use by others to establish an easement. The court further noted that Petersons' decision to build gates had interrupted any continuous and uninterrupted use by Roods. Roods appeals.

¶8 Roods contends that the District Court lacked jurisdiction to declare the status of a road within the exterior boundaries of the Crow Indian Reservation. He argues, in the alternative, that the road has been openly, notoriously, and continuously used for at least 50 years by the public and cannot be abandoned.

¶9 We review the factual findings of a district court sitting without a jury to determine whether they are clearly erroneous. *Steiger v. Brown*, 2007 MT 29, ¶ 16, 336 Mont. 29, 152 P.3d 705. We review the evidence in a light most favorable to the prevailing party when determining whether substantial credible evidence supports the district court's findings. We review for correctness a district court's conclusions of law. *Steiger*, ¶ 16. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's findings of fact and that the court's legal conclusions were correct.

¶10 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH

4

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ JAMES C. NELSON